UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE EXPERT GROUP, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:24-cv-3239-x |
| PIERRE TAX AND WEALTH | § | |
| MANAGEMENT, LLC d/b/a PIERRE | § | |
| ACCOUNTING and ERIC L. PIERRE | § | |
| | § | |
| *Defendants.* | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Defendants Eric L. Pierre and Pierre Tax and Wealth Management LLC's (Pierre Tax) motion to stay.  (Doc. 13).  Prior to the Expert Group filing the instant action, Defendants Eric L. Pierre and Pierre Tax filed an action in Texas state court.[1]  For the reasons outlined below the Court **DENIES WITHOUT PREJUDICE** the motion to stay under the *Colorado River* abstention doctrine.

## I.    BACKGROUND

A business partnership is a lot like a marriage, pick the wrong partner and you will find yourself in Court.   But unlike a divorce, this Court can hear this case.[2]

Expert Group is a Texas general partnership.   In January 2024, Pierre informed Expert Group that he intended to leave the partnership.   Three months

---

[1] The state-court proceeding is styled *Pierre Tax & Wealth Mgmt., LLC f/k/a Bedrock Assurance LLC d/b/a Pierre Accounting v. The Expert Group LLC d/b/a ERC Group, et al.*, Cause No. DC-24-08862, and remains pending in the 44th Judicial District Court of Dallas County, Texas.

[2] *See Barber v. Barber ex rel. Cronkhite*, 62 U.S. 582, 584 (1858) ("We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce.").

after Pierre officially left Expert Group, he filed a civil suit in Dallas County district court alleging that the Expert Group had failed to pay him his share of revenue since departure and the expenses he incurred on behalf of the expert group.   Expert Group filed counterclaims in that state action seeking a declaration that Pierre wrongfully departed from the partnership.  Six months after the state action commenced, Expert Group filed this trade secret action.

Pierre filed the present motion to stay under the *Colorado River* abstention doctrine.  The motion is ripe for the Court's consideration.

## II.     LEGAL STANDARD

Under the abstention doctrine, federal courts may postpone resolution of decisions properly before the court if they might turn on issues of state law already pending before the state court.[3]  This "is likely to lessen friction in a federal-state relationship, interference with important state functions, and tentative decisions on questions of state law."[4]   "[A]bstention does not involve the abdication of federal jurisdiction, but only the postponement of its exercise."[5]   The *Colorado River* abstention doctrine "applies when suits are parallel, having the same parties and the same issues."[6]   Under this doctrine, the district court should abstain only in

---

[3] *Gray Line Motor Tours, Inc. v. City of New Orleans*, 498 F.2d 293, 298 (5th Cir. 1974).

[4] *Id.*

[5] *Id.*

[6] *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

exceptional circumstances.[7]   And it should consider the following factors in determining whether exceptional circumstances are present:

> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[8]

## III.   ANALYSIS

First, as both parties note, neither the state nor federal court have assumed jurisdiction over any res in this case because this is an *in personam* action, thus there is no res.  Because this first factor can never be neutral, this factor favors exercising federal jurisdiction.[9]   Similarly, the second factor also supports exercising federal jurisdiction because both the state court and federal court involved are located in Dallas, Texas.  "When courts are in the same geographic location, the inconvenience factor weighs against abstention."[10]

The third factor slightly weights against abstention.  The third factor seeks to prevent piecemeal litigation and inconsistent rulings.[11]   This factor is only slightly in favor of abstention because while both actions turn on the enforcement and scope of the parties' partnership agreement, the two causes of action and claims themselves do not directly collide.  Pierre Tax *could* be entitled to post-withdrawal distributions

---

[7] *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813 (1976).

[8] *Kelly Inv., Inc. v. Cont'l Common Corp.,* 315 F.3d 494, 497 (5th Cir. 2002).

[9] *See Stewart*, 438 F.3d at 492.

[10] *Id.*

[11] *See Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 800 (5th Cir. 2014).

3

but also have misappropriated trade secrets.  Or Pierre Tax may have wrongfully withdrawn from the partnership, not be entitled to any distributions, and have misappropriated trade secrets.  There *may* not be a contradiction with this Court and the state actions rulings.

Most critically, the Court is not faced, as of now, with having to rule on any issue that is presented before the state court.  No motion is pending in this Court besides the motion to stay.  And that makes this case fundamentally different from the Court's previous action in *Protiviti Inc. v. Davis*.[12]  In *Protiviti*, this Court had a pending TRO, necessitating this Court rule on issues presented to the state court.  No such circumstance exists here.  Thus, this factor weights against abstention.

Next, the fourth *Colorado River* factor considers the sequence in which jurisdiction was obtained.  The state court action was filed in June 2024, while the case in federal court was filed six months later.[13]  And while the federal case is past the filing of the complaint, the state case is further long in the midst of discovery fights and with pending dispositive motions.  Thus, this factor weighs in favor of abstention.

The fifth and sixth factors can only be neutral or weigh against abstention.[14] Here, they are both neutral.  The fifth factor, whether and to what extent federal law controls the merits decision, slightly favors abstention because is neutral because the claims asserted in the federal action arise under both state and federal law.  And, the

---

[12] No. 3:24- CV-1687-X, 2024 WL 3433939, at *1 (N.D. Tex. July 15, 2024).

[13] Doc. 1.

[14] *Afr. Methodist Episcopal Church*, 756 F.3d at 801.

4

sixth factor is neutral because there is no indication that the Texas state courts would inadequately protect Expert Group's interests.

Here, only one of the six *Colorado River* factors favors abstention, two are neutral, and three favor federal jurisdiction. And the most important factor, avoiding piecemeal litigation and inconsistent rulings, weighs against abstention and in favor of federal jurisdiction.[15] Thus, the principles of federalism, comity, and conservation of judicial resources do not demand a stay right now.[16] The only factor that favors abstention is timing—because the state court case was filed first. But if avoiding piecemeal litigation is an insufficient reason to stay, the Court cannot grant a stay when timing is the only factor that favors a stay.[17]

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion to stay. *If* this Court is faced with situation where ruling on a motion directly deals with issues before the state court, the Court welcomes a renewed motion to stay pending the state court case.

    **IT IS SO ORDERED** this 25th day of November, 2025.


_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[15] *See Stonewater Adolescent Recovery Ctr. v. Lafayette Cnty., Mississippi*, No. 3:19-CV-00231-GHD-RP, 2020 WL 1817302, at *4 (N.D. Miss. Apr. 9, 2020) (citing *Colorado River Water Conservation Dist.*, 424 U.S. at 819).

[16] *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000).

[17] *See Stewart*, 438 F.3d at 493 (finding district court abused its discretion in staying federal litigation when avoidance of piecemeal litigation was only factor weighing in favor of abstention).